JERRY W. WHITLEY v. MARTHA L. WHITLEY

No. 7926DC1156

(Filed 20 May 1980)

**Divorce and Alimony § 24.1 — child support — amount improperly based on father's "earning capacity"**

The trial court erred in determining that plaintiff failed to exercise his capacity to earn in disregard of his marital obligation to provide reasonable support for his children and the court erred in ordering plaintiff, whose monthly income was about $1000 before taxes, to pay $900 per month in child support and $5000 in a lump sum to defendant, since there was no evidence to indicate that plaintiff, who practiced law, intentionally depressed his income to avoid his support obligations.

APPEAL by plaintiff from *Cantrell, Judge.* Order entered 20 July 1979 in District Court, MECKLENBURG County. Heard in the Court of Appeals 22 April 1980.

Plaintiff instituted an action for absolute divorce in January, 1979. The parties had entered into a deed of separation on 10 January 1978. The deed of separation provided, in part, that the wife had decided to live separate and apart; that both were fit and proper to have custody of the children but they would presently be left in the custody of the husband; that neither party was in need of support from the other and that the wife could retain the $18,500.00 received from the sale of property previously owned by the parties.

After the complaint was filed, defendant, on the 6th or 7th of February, took the children into her home. Then, on 16 February, she moved for an extension of time within which to answer the complaint. She later obtained another extension giving her until 19 April 1979 to file answer. On 19 April 1979, she filed answer and a cross claim seeking an order for child support, custody and counsel fees. Plaintiff had provided over $400.00 per month for the support of the children after they moved in with defendant.

The case was heard on 8 June and, on 20 July 1979, the court entered an order requiring plaintiff to pay child support in the monthly amount of $900.00, pay defendant the lump sum of $5,000.00 as reimbursement for providing for the children from February until the date of the hearing and pay defendant's counsel a fee of $500.00. Plaintiff appealed.

*Jack P. Gulley and Gary A. Davis, for plaintiff appellant.*

*Murchison and Guthrie, by Alton G. Murchison III and K. Neal Davis, for defendant appellee.*

VAUGHN, Judge.

Plaintiff's evidence, which was not contradicted, tends to show that his net income during 1979, up to the date of the hearing, was about $1,000.00 per month before taxes. Copies of his tax returns for prior years were introduced and disclosed net income (before taxes) from the practice of law as follows:

---

Whitley v. Whitley

---

| 1975 | $18,279.51 |
| 1976 | $28,695.00 |
| 1977 | $22,766.00 |
| 1978 | $15,084.09 |

The record also discloses that plaintiff was heavily indebted and that the installment payments on some of his debts are substantial.

The amounts ordered to be paid are obviously in excess of plaintiff's ability to pay. The court, in apparent recognition of that fact, recited that plaintiff failed to exercise his capacity to earn "in disregard of his marital obligation to provide reasonable support for his children according to his abilities and capacity and commensurate with the standards to which they were accustomed."

The court appears to have based the order on the court's notion of some unspecified sum that it thought plaintiff should be able to earn instead of his actual income. The award should be based on plaintiff's actual income "if the husband is honestly engaged in a business to which he is properly adapted and is in fact seeking to operate his business profitably." *Conrad v. Conrad*, 252 N.C. 412, 418, 113 S.E. 2d 912, 916 (1960). Only where there are findings, based on competent evidence, to support a conclusion that the supporting spouse or parent is deliberately depressing his or her income to avoid family responsibilities can the "earning capacity" rule be applied. The basic issue is: "Is the husband, by reducing his income, primarily motivated by a desire to avoid his reasonable support obligations?" *Bowes v. Bowes*, 287 N.C. 163, 173, 214 S.E. 2d 40, 46 (1975); *Wachacha v. Wachacha*, 38 N.C. 504, 248 S.E. 2d 375 (1978). There is nothing in this record to support a conclusion that plaintiff had intentionally depressed his income to avoid his reasonable support obligation to his children. Plaintiff's net income, from the practice of law, did decrease in 1978. During that year, however, the children were in his custody pursuant to the deed of separation. There is nothing to indicate that they were not adequately provided for or that he had reason to believe that defendant would want to take custody of them after he filed for divorce and make a claim for child support. His earnings in 1979 prior to the hearing do not seem to be substantially below those for 1978, when he had the children with him.

Moreover, plaintiff's gross receipts over the four-year period do not vary greatly. Plaintiff's gross receipts for 1978 were only about $5,000.00 less than they were for 1976, his year of highest net earnings from the practice of law. The expenses for 1978 were substantially greater in 1978 and this contributed to lower net earnings.

The parties had separated on an earlier occasion. In November, 1976, defendant moved to Sarasota, Florida and took the children with her, but in June, 1977, the parties resumed their marital relationship. During the period between the separation and reconciliation, plaintiff paid defendant $1,000.00 per month. He testified that those funds came from the sale of real estate he had previously acquired. Plaintiff also testified that prior to the separation in 1976, he had worked fourteen or fifteen hours each day and had worked on weekends. The separation and loss of his family affected him very deeply and had a substantial effect on the zeal with which he could work. The loss of his family continues to affect the amount of his work but he is working more now than he was after the separation in 1976. The facts set out in this paragraph are recited in the order from which plaintiff appealed and appear to form the only basis for the court's action in ordering payments in excess of that which could be made from plaintiff's present income. These facts will not support a conclusion that plaintiff intentionally depressed his income to avoid his obligation to support his children.

Because the order for support must be vacated, we need not discuss plaintiff's objections to the order as it relates to the reasonable needs of the children except to say that the court's conclusion as to the reasonable needs of the children is not supported by the evidence or appropriate findings of fact.

The court also awarded defendant primary custody of the children. That part of the order is affirmed. That part of the order awarding attorney fees to be paid by plaintiff to defendant's counsel is also affirmed.

Those parts of the order directing plaintiff to pay $900.00 monthly into the clerk's office and the sum of $5,000.00 directly to defendant are vacated. The case is remanded for a new hearing to the end that the court can make appropriate findings and enter an order based on the then existing circumstances including the

relative abilities of the parties to provide for the reasonable needs of the children.

Affirmed in part.

Vacated and remanded in part.

Judges CLARK and MARTIN (Harry C.) concur.