CHARLES EVERETTE SHARPE, JR., PLAINTIFF v. SYLVIA G. NOBLES, DEFENDANT

No. COA96-1366

(Filed 18 November 1997)

**1. Divorce and Separation § 401 (NCI4th)— child support— failure to seek higher-paying job—not bad faith suppression of income**

The trial court erred by finding that plaintiff father depressed his income in bad faith and by using the earning capacity rule in calculating his child support obligation where the father's position was abolished and he twice accepted lower-paying positions with the same employer without attempting to find a job that would pay him what he was previously earning.

**2. Divorce and Separation § 424 (NCI4th)— child support— investments for child's college education—failure to certify to mother—contempt**

The trial court did not err by finding plaintiff father in willful civil contempt for violating a court order to invest $50 per month for his child's college education and to provide the mother with a certification as to where the money was invested where the father was given ample time to comply with the court's order, and the father was able to give notice of this investment to his former attorney.

**3. Appeal and Error § 364 (NCI4th)— violation of court order—contempt—failure to include order in record—issue not reviewed**

The Court of Appeals will not consider plaintiff father's contention that the trial court erred by finding him in contempt for failing to comply with an order that he provide the mother an insurance card and claim forms for medical insurance he was required to provide for their child where the father failed to include the court's order in the record on appeal. N.C. R. App. P. 9(a)(1)(d).

Appeal by plaintiff from order entered 10 July 1996 by Judge Arnold O. Jones in Lenoir County District Court. Heard in the Court of Appeals 21 August 1997.

*Paul T. Cleavenger for plaintiff-appellant.*

*Gerrans, Foster & Sargeant, P.A., by William W. Gerrans, for defendant-appellee.*

WYNN, Judge.

When calculating the child support obligation owed by a parent, a showing of bad faith income depression by the parent is a mandatory prerequisite for imputing income to that parent. In this case, because we hold that the trial court's finding that the father did not look for a job that would pay him what he was earning in his previous position was insufficient to show bad faith income depression, we remand this matter to the trial court for redetermination of the father's child support obligation. However, we uphold the trial court's order of contempt against the father for failure to obey a previous order of the court because there was sufficient competent evidence of his willful failure to comply with the earlier order.

## SHARPE v. NOBLES

[127 N.C. App. 705 (1997)]

The father, Charles Everette Sharpe, Jr. and the mother, Sylvia G. Nobles, parented one child born on 21 November 1984. Following their separation and divorce, the mother obtained primary custody of their child.

In their separation agreement of 13 December 1988, which was incorporated into their divorce decree, the father agreed to invest $50 per month for the child's college education. After their divorce, the father and mother signed a Consent Judgment dated 2 August 1990 that, in part, directed the father to pay $500 per month towards the support of his child and to provide the mother evidence with where the father was making the investments for the child's college education.

In 1990, the father began to work for North Star of North Carolina, Inc. By 1995, the father was a district director, and made a salary of $56,439 per year. On 30 September 1995, the company abolished his position. The next day, the father started working at another job with North Star as manager of a nursing home which paid a salary of $46,540 per year.

On 12 October 1995, after a hearing on modification of his child support and for contempt, the trial court ordered the father to pay $596 per month in child support based on a finding that projected the father would earn $61,368 per year. Furthermore, the trial court found that the father had failed to invest $50 per month for the child's college education and therefore ordered the father to invest $4,100 to make up for the deficiency, and to certify to the mother where the money was invested. The trial court also ordered the father to provide medical and dental insurance to the child, as was set forth in the 2 August 1990 Consent Judgment.

On 2 April 1996, the father moved for a modification of his child support obligation. Prior to a hearing on that motion, the father took a job with a new division of North Star that paid a reduced salary of $40,000 per year.

In response to the father's motion for modification of child support, the mother counter-moved for contempt contending that the father had failed to comply with the court's order of 12 October 1995 by: (1) failing to send certification of the deposit of the $4,100 to her, and (2) failing to send her any new claim forms, insurance cards, or informational brochures for the medical insurance that the father was required to maintain for the child.

**SHARPE v. NOBLES**

[127 N.C. App. 705 (1997)]

After hearing evidence, the district court found that although a substantial change of circumstances had occurred since the time of its last child support order, the father had voluntarily depressed his income. The court therefore applied the earning capacity rule in calculating the father's child support obligation. Additionally, the trial court found the father in willful civil contempt of the 12 October 1995 order for failing to provide the mother with certification of where he deposited the college investment funds and for failing to provide the mother with identification cards, claim forms, and information about the health insurance carried on the minor child.

From this order, the father appeals.

**I.**

[1] The father first contends that the trial court's findings were insufficient to support the use of the earning capacity rule in calculating his child support obligation. We agree.

Child support obligations are ordinarily determined by a party's actual income at the time the order is made or modified. *Askew v. Askew,* 119 N.C. App. 242, 244-245, 458 S.E.2d 217, 219 (1995). A party's earning capacity may be used to calculate the award if he deliberately depressed his income or deliberately acted in disregard of his obligation to provide support. *Id.* However, before using the earnings capacity rule there must be a showing that the actions which reduced a party's income were not taken in good faith. *Id.* at 245, 458 S.E.2d at 219.

In the present case, the father worked as a district director of North Star, at a salary of $56,439 per year, until the company abolished the position on 30 September 1995. On 1 October 1995, the company moved the father to the position of manager of a nursing home, at a salary of $46,540 per year. On 1 May 1996, the father took a position with a new division of North Star, where his pay was $40,000 per year. The trial court found:

> 14. That since the pay of the plaintiff was reduced to some $56,000.00 down to $46,000.00 and then down to $40,000.00 as he contends, that the plaintiff has not made any application for employment at some other location and that he has not sought the assistance or the services of a private employment agency in order to obtain employment compared to what he was earning prior to the two (2) recent reductions and the Court finds that the reduction to the $40,000.00 is voluntary on the part of the plain-

tiff in that he has taken no action to find employment that would be comparable to the pay that he was earning through the year 1995 and the Court finds that the plaintiff has an ability to earn a gross pay of at least $55,729.00 as shown on his 1995 United States individual income tax returns.

15. That the plaintiff has moved into a home that occupies one and one-half (1½) acres on Kerr Lake and that he owns two (2) motor vehicles, a 1995 Jeep and a 1996 Accura. That the plaintiff has the ability to at least earn $55,729.00 that he earned in 1995.

These findings were insufficient to support a conclusion of deliberate depression of income or other bad faith action on the part of the father. Essentially, the findings are that the father's reductions in income were voluntary because he had not looked for work that would pay him what he made before changing jobs. This is not a showing of a deliberate depression of income or other bad faith. Accordingly, the trial court's order is reversed and remanded for an appropriate determination of the father's child support obligation.

## II.

[2] The father next argues that the trial court erred in finding him in willful civil contempt because the evidence was insufficient to show that he willfully violated the 12 October 1995 order to deposit $4,100 and send confirmation of the deposit to the mother. We disagree.

Although the statutes governing civil contempt do not expressly require willful conduct, *see* N.C. Gen. Stat. §§ 5A-21 to 5A-25 (1986), case law has interpreted the statutes to require an element of willfulness. *Smith v. Smith*, 121 N.C. App. 334, 336, 465 S.E.2d 52, 53-54 (1996). In the context of a failure to comply with a court order, the evidence must show that the person was guilty of "knowledge and stubborn resistence" in order to support a finding of willful disobedience. *Hancock v. Hancock*, 122 N.C. App. 518, 525, 471 S.E.2d 415, 419 (1996). The standard of review for contempt proceedings is limited to determining whether there is competent evidence to support the findings of fact and whether the findings support the conclusions of law. *Koufman v. Koufman*, 97 N.C. App. 227, 230, 388 S.E.2d 207, 209 (1990), *rev'd on other grounds*, 330 N.C. 93, 408 S.E.2d 729 (1991).

In this case, the trial court's order included the following finding of fact:

18. That with regard to the contempt matter, the Court finds that in its Order of October 12, 1995, the plaintiff had not deposited the $4,100.00 which was to begin in August of 1990 at the rate of $50.00 per month and that the plaintiff was found in wilful contempt on October 12, 1995, and ordered to pay the sum of $4,100.00 being due into some type of income producing plan with a certified copy of this investment to be furnished to the defendant. That the Court stayed the incarceration allowing the plaintiff until November 10, 1995, to invest the money and to allow him until November 15, 1995, to get the certification as to where these funds are being held in an income producing plan to the defendant and that the reports of these earnings of this investment shall be forwarded to both the plaintiff and the defendant. That the plaintiff failed to furnish the certified copies as to where these funds were invested to the defendant. That the evidence tends to show that the plaintiff furnished of [sic] this investment to his former lawyer, Mr. Worthington, but that no notification was given to the defendant as the Court ordered.

The record contains competent evidence to support this finding of fact. Furthermore, this finding sufficiently supports the conclusion that the father acted with a bad faith disregard for the law. The father was given ample time to comply with the court's order. There does not appear to be any reason why the father could not have complied with the court's order, especially when considering that he was able to give the notice to his former attorney. The father's continuing failure to comply with the court's order supports the trial court's conclusion that the father was in willful civil contempt.

## III.

[3] The father next argues that the trial court committed error by finding that he was in contempt of the 12 October 1995 order to provide the mother with an insurance card and claim forms. We do not address this issue because the father failed to properly present the issue to this Court for review.

The 12 October 1995 court order provided:

9. That the plaintiff shall provide medical and dental insurance on behalf of the minor child as previously *ordered by this Court in August 2, 1990 Order.*

(emphasis added).

The father did not include the 2 August 1990 order in the record. Under N.C.R. App. P. 9(a)(1)(d) the record on appeal must contain "copies of the pleadings, and of any pre-trial order on which the case or any part thereof was tried." Here, without the 2 August 1990 order this Court is left to guess at what that order required the father to do, and in its absence we decline to consider the father's arguments that he had complied with its requirements.

Having carefully considered appellant's other arguments, we find them to be meritless and do not discuss them further.

Affirmed in part, reversed in part, and remanded.

Judges GREENE and MARTIN, Mark D., concur.