MICHAEL EVERETTE BOWERS, PLAINTIFF-APPELLANT v. JANICE MAULDIN BOWERS, DEFENDANT-APPELLEE

No. COA99-1509

(Filed 16 January 2001)

**Child Support, Custody, and Visitation— support—earning capacity—required findings**

A child support order was reversed and remanded where the trial court used "earning capacity" to determine the child support obligation, but did not include any findings as to whether either party deliberately suppressed his or her income to avoid support obligations and a transcript of the hearing was not included in the

BOWERS v. BOWERS

[141 N.C. App. 729 (2001)]

record on appeal. "Earning capacity" can be used to determine child support only where there are findings based upon competent evidence to support a conclusion that the supporting spouse or parent is deliberately suppressing his or her income to avoid family responsibilities.

Appeal by plaintiff from judgment entered 17 May 1999 by Judge William G. Jones and filed 21 May 1999 in Mecklenburg County District Court. Heard in the Court of Appeals 6 November 2000.

*Helms, Cannon, Henderson & Porter, P.A., by Thomas R. Cannon and Christian R. Troy, for plaintiff-appellant.*

*No brief filed by defendant-appellee.*

WALKER, Judge.

Plaintiff appeals from an order awarding defendant $591.00 per month in on-going child support, support arrearages of $19,654.00 plus interest to be paid at $323.96 per month and attorney's fees of $5,000.00 plus interest to be paid at $82.42 per month, in addition to certain medical expenses and insurance.

The parties were married on 3 February 1983 and a child, Mykel Elizabeth Bowers (Mykel), was born 7 September 1983. The parties later separated and divorced. Mykel has lived with each parent for various periods of time and was placed in residential care from August, 1996 until August, 1998, as a result of being certified as a "Willie M" class member.

Plaintiff filed this action on 3 April 1997 seeking custody of Mykel. Defendant answered and counterclaimed on 1 May 1997 seeking custody and child support pursuant to the terms of the custody and separation agreement previously executed by the parties. The trial court found that neither plaintiff nor defendant was gainfully employed at the time of the hearing and calculated child support based on each party's "earning capacity," which was determined from their last monthly salaries multiplied by twelve months.

In his first assignment of error, plaintiff contends the trial court erred in awarding child support based upon each party's "earning capacity" without a showing that there had been an intentional or bad faith suppression of either party's income.

At the outset, we note "[a]bsent a clear abuse of discretion, a judge's determination of what is a proper amount of [child] support will not be disturbed on appeal. . . . 'A judge is subject to reversal for abuse of discretion only upon a showing by the litigant that the challenged actions are manifestly unsupported by reason.' " *Plott v. Plott,* 313 N.C. 63, 69, 326 S.E.2d 863, 868 (1985)(citations omitted).

In determining the amount of a child support obligation, "[t]he judge must evaluate the circumstances of each family and also consider certain statutory requirements[.]" *Id.* at 68, 326 S.E.2d at 867 (citation omitted). N.C. Gen. Stat. § 50-13.4(c)(1999) sets forth the circumstances to be considered:

> (c) Payments ordered for the support of a minor child shall be in such amount as to meet the reasonable needs of the child for health, education, and maintenance, having due regard to the estates, earnings, conditions, accustomed standard of living of the child and the parties, the child care and homemaker contributions of each party, and other facts of the particular case.

Thus, a determination of child support obligation amounts must be made on a case by case basis. *Plott,* 313 N.C. 68, 326 S.E.2d 863. In *Plott,* this Court articulated in great detail a trial court's duty in this regard:

> To comply with G.S. 50-13.4(c), the order for child support must be premised upon the interplay of the trial court's conclusions of law as to the amount of support necessary 'to meet the reasonable needs of the child' and the relative ability of the parties to provide that amount. To support these conclusions of law, the court must also make specific findings of fact so that an appellate court can ascertain whether the judge below gave 'due regard to the estates, earnings, conditions, accustomed standard of living of the child and the parties, the child care and homemaker contributions of each party, and other facts of the particular case.' Such findings are necessary to an appellate court's determination of whether the judge's order is sufficiently supported by competent evidence. If the record discloses sufficient evidence to support the findings, it is not this Court's task to determine *de novo* the weight and credibility to be given the evidence contained in the record on appeal.

*Id.* at 68-69, 326 S.E.2d at 867, *quoting* N.C. Gen. Stat. § 50-13.4(c); *Coble v. Coble,* 300 N.C. 708, 712, 268 S.E.2d 185, 189 (1980) (citations

omitted). *See* also *Dishmon v. Dishmon*, 57 N.C. App. 657, 292 S.E.2d 293 (1982) (holding that plaintiff's evidence and trial court's findings of fact fell seriously short of supporting a court-ordered increase in child support payments).

Our Supreme Court has held that "earning capacity" to determine child support can only be used where there are findings, based on competent evidence, to support a conclusion that the supporting spouse or parent is deliberately suppressing his or her income to avoid family responsibilities. *See Sharpe v. Nobles*, 127 N.C. App. 705, 493 S.E.2d 288 (1997) (holding that father's failure to look for higher paying job after his position was eliminated was not deliberate suppression of income or other bad faith action, and, thus, his former "earning capacity" could not be used to impute income to him for determining amount of child support); *Ellis v. Ellis*, 126 N.C. App. 362, 485 S.E.2d 82 (1997) (holding that before "earning capacity" rule is imposed for purposes of determining parent's child support obligations, it must be shown that a parent's actions which reduced his or her income was not taken in good faith); *Atwell v. Atwell*, 74 N.C. App. 231, 328 S.E.2d 47 (1985) (holding that "only when there are findings based on competent evidence to support a conclusion that the supporting spouse or parent is deliberately suppressing his or her income or indulging in excessive spending to avoid family responsibilities, can a party's capacity to earn be considered);" *Whitley v. Whitley*, 46 N.C. App. 810, 266 S.E.2d 23 (1980) (holding the trial court erred in computing child support payment on plaintiff's capacity to earn, as opposed to actual earnings because there was no evidence to indicate that plaintiff intentionally suppressed his income to avoid support obligations).

In the instant case, although the trial court used "earning capacity" to determine the child support obligation, its order does not include any findings as to whether either party deliberately suppressed his or her income to avoid his or her support obligation. A transcript of the hearing is not included in the record on appeal. Thus, we are unable to determine what evidence was offered to show the circumstances under which plaintiff and defendant were unemployed at the time of the hearing, or whether plaintiff was deliberately suppressing his income or acting in disregard of his obligation to provide support.

We therefore vacate the trial court's order and remand for a further hearing at which time either party may offer additional evidence

**BOWERS v. BOWERS**

[141 N.C. App. 729 (2001)]

on these issues raised in this appeal. We therefore need not address the other issues raised on appeal.

Reversed and remanded.

Chief Judge EAGLES and Judge HUNTER concur.