STATE EX REL. GODWIN v. WILLIAMS

[163 N.C. App. 353 (2004)]

———————————

STATE OF NORTH CAROLINA, BY AND THROUGH ITS CRAVEN COUNTY CHILD SUPPORT ENFORCEMENT AGENCY, EX REL., MARY B. GODWIN, PLAINTIFFS-APPELLEES v. JOSHUA H. WILLIAMS, DEFENDANT-APPELLANT

No. COA03-268

(Filed 16 March 2004)

**1. Child Support, Custody, and Visitation— support—Guidelines—current version**

The trial court correctly applied the version of the Child Support Guidelines in effect at the time of the hearing and the announcement of the decision in open court, even though a new version had come into effect by the time the written order was entered.

## 2. Child Support, Custody, and Visitation— support—earning capacity—no findings of suppressed income

An order determining child support to be paid by a student was remanded where the court used earning capacity rather than actual income without findings of bad faith.

Appeal by defendant from order entered 16 December 2002 by Judge Karen A. Alexander in District Court, Craven County. Heard in the Court of Appeals 19 November 2003.

*Attorney General Roy Cooper, by Assistant Attorney General Brenda Eaddy, for plaintiffs-appellees.*

*Jeffrey L. Miller for defendant-appellant.*

McGEE, Judge.

Defendant appeals from an order awarding Mary B. Godwin (plaintiff) $95.00 per month in child support, in addition to providing medical insurance should it become available at a reasonable cost through defendant's employment.

Defendant is the biological father of a minor child, Peyton E. Godwin (Peyton), born 3 July 2001. Plaintiff is the biological mother of Peyton and has custody of the child. At the time of Peyton's birth, defendant and plaintiff were seventeen-year-old minors in their junior year of high school. Prior to defendant's graduation from high school in June 2002, defendant was accepted for enrollment as a student at East Carolina University.

In 2001, defendant earned an average monthly gross income of $478.01, derived from his after-school part-time and summer seasonal employment at Outback Steakhouse in New Bern, North Carolina. In 2002, while still in high school, defendant continued to work after school at the Outback Steakhouse. After his high school graduation in June 2002, and prior to his college enrollment in August 2002, defendant worked full-time as a busboy at Clawson's restaurant (Clawson's) in Beaufort, North Carolina. At Clawson's, he earned approximately $5.25 per hour. At the time of the trial court's hearing on the matter of child support in September 2002, defendant was enrolled as a full-time student at East Carolina University and was seeking part-time employment.

After hearing evidence regarding Peyton's needs and testimony on defendant's financial status, the trial court utilized an earning

capacity standard to calculate defendant's monthly child support obligation, rather than relying on defendant's actual income. The trial court found that defendant was an able-bodied person capable of earning income at the minimum wage of $5.15 per hour, on a full-time basis. The trial court computed his imputed gross income to be $892.67 per month. Based upon the 1998 North Carolina Child Support Guidelines, the trial court announced its order in open court in September 2002, directing defendant to pay child support in the amount of $95.00 per month. The written order was entered on 16 December 2002. Defendant appeals.

**[1]** Defendant first assigns error to the trial court's use of the 1998 version of the North Carolina Child Support Guidelines (Guidelines) instead of the 2002 version. Defendant emphasizes that while the trial court announced its order in open court on 3 September 2002, the order was not entered until 16 December 2002, after the effective date of the 2002 version of the Guidelines.

Although defendant did not include this issue in his assignments of error and thus has failed to preserve the issue for appellate review, this Court elects in the interest of judicial economy to consider the merits of defendant's argument. N.C.R. App. P. 2.

N.C. Gen. Stat. § 1A-1, Rule 58 (2003) provides that "a judgment is entered when it is reduced to writing, signed by the judge, and filed with the clerk of court." This Court has held that Rule 58 applies to orders as well as to judgments. *West v. Marko*, 130 N.C. App. 751, 756, 504 S.E.2d 571, 574 (1998). As with a judgment, "an order rendered in open court is not enforceable until it is 'entered.' " *Id.* at 756, 504 S.E.2d at 574. Thus, in the case before us, the trial court's child support order was not enforceable between the parties until it was entered on 16 December 2002.

N.C. Gen. Stat. § 50-13.4(c) (2003) mandates that the trial court in an action for support of a minor child is to "determine the amount of child support payments by applying the presumptive guidelines[.]" None of the exceptions to this legislative directive are applicable in the case before this Court. The Guidelines are reviewed every four years and modified as necessary. At the time of the trial court's hearing and subsequent pronouncement in open court, the 1998 version of the Guidelines was in effect and the trial court was under a statutory obligation to follow the Guidelines current at that time. The 2002 version of the Guidelines became effective as of 1 October 2002.

The introductory portion of the 2002 version of the Guidelines does not elaborate as to whether it is applicable to orders not yet entered as of 1 October 2002. Defendant stresses that the introduction to the 2002 version of the Guidelines proscribes that "[t]he guidelines must be used when the court enters a temporary or permanent child support order in a non-contested case or contested hearing." Defendant thus argues that since the order was not *entered* until after 1 October 2002, the 2002 version is controlling. We construe this directive to be only a restatement of the presumptive nature of the Guidelines as mandated by N.C. Gen. Stat. § 50-13.4(c).

We recognize that the trial court was not required to announce its order in open court. However, by doing so, the trial court was required by statute to apply the presumptive Guidelines in effect on 3 September 2002. At that time, the revised 2002 version of the Guidelines was not yet applicable. In the absence of guidance from the General Assembly as to what cases were impacted by the 2002 version's stated effective date of 1 October 2002, we conclude that the trial court acted appropriately in applying the 1998 version of the Guidelines at the time the trial court announced its decision and subsequently entered its order. We find defendant's argument is without merit.

[2] Defendant next contends the trial court erred in using an earning capacity standard, instead of defendant's actual earnings, for the purpose of determining defendant's child support payments. Defendant argues the trial court, in imputing income to defendant, did not make the requisite findings or conclusions indicating any deliberate or bad faith conduct by defendant to suppress his income or otherwise avoid his child support obligation.

Upon appellate review, a trial court's determination of the proper child support payment will not be disturbed absent a clear abuse of discretion. *Bowers v. Bowers*, 141 N.C. App. 729, 731, 541 S.E.2d 508, 509 (2001). To support such a reversal, an appellant must show that the trial court's actions were manifestly unsupported by reason. *Id.*

Child support payments are ordinarily determined based on a party's actual income at the time the award is made. *Sharpe v. Nobles*, 127 N.C. App. 705, 708, 493 S.E.2d 288, 290 (1997). Our appellate Courts have repeatedly held that the earning capacity standard can only be used in calculating child support payments where there are

**STATE EX REL. GODWIN v. WILLIAMS**

[163 N.C. App. 353 (2004)]

"findings, based on competent evidence, to support a conclusion that the supporting . . . parent is deliberately suppressing his or her income to avoid family responsibilities." *Bowers*, 141 N.C. App. at 732, 541 S.E.2d at 510; *see Kowalick v. Kowalick*, 129 N.C. App. 781, 787-88, 501 S.E.2d 671, 676 (1998); *Ellis v. Ellis*, 126 N.C. App. 362, 364-65, 485 S.E.2d 82, 83 (1997); *Whitley v. Whitley*, 46 N.C. App. 810, 812, 266 S.E.2d 23, 27 (1980). Standing alone, evidence that a defendant voluntarily depressed his income is insufficient to support the application of the earning capacity standard. *Cook v. Cook*, 159 N.C. App. 657, 662, 583 S.E.2d 696, 699 (2003). In this case, the trial court's order lacks any finding or conclusion that defendant depressed his income in bad faith. Therefore, we reverse and remand for an appropriate determination of defendant's child support obligation in accordance with this opinion.

Affirmed in part, reversed and remanded in part.

Judges HUNTER and GEER concur.