JUDY DURHAM PARNELL, Plaintiff,
v.
KEVIN HINE PARNELL, Defendant.
No. COA07-844
Court of Appeals of North Carolina.
Filed April 1, 2008
This case not for publication
Judy Durham Parnell, pro se, plaintiff-appellee.
Jon W. Myers and Charles R. Foster for defendant-appellant.
BRYANT, Judge.
Kevin Hine Parnell (defendant) appeals from an order dated 28 December 2006 ordering defendant to pay Judy Durham Parnell (plaintiff), inter alia, child support in the amount of $1,253.14 per month in support and maintenance of their minor children.

Facts
Plaintiff and defendant were married on 25 May 1985 and separated 26 May 2003. Plaintiff filed an action for child support and post separation support on 15 August 2003. On 12 November 2003, a temporary child support order was entered requiring defendant to pay plaintiff $1,006.64 per month as child support for the minor children. At the time the order was entered, plaintiff was employed part-time by High Point Regional Health Systems as a nurse with an average monthly wage of $1,568.23 per month. Subsequently, on 21 October 2005, plaintiff filed a motion for permanent child support and an alternative motion to modify child support. Plaintiff's motions were heard 29 September 2006. At the time of the hearing, plaintiff had voluntarily resigned from her position at High Point Regional Health Systems and was no longer employed.
By a child support order dated 28 December 2006, defendant was ordered to pay to plaintiff child support in the amount of $1,253.14 per month. The trial court imputed to plaintiff $17,720.00 of gross income per year and denied defendant's request to impute additional income to plaintiff. Defendant appeals.
On appeal, defendant argues the trial court erred in: (I) determining plaintiff's gross income; (II) failing to make findings of fact related to the children's needs; (III) awarding extraordinary expenses; (IV) failing to make findings of fact or conclusions of law regarding the reasonable needs of the children and the parents' ability to pay; and (V) entering a monthly child support amount unsupported by the evidence. For the reasons given below, we remand for additional findings of fact.

Standard of Review
Our review of a child support order is limited to determining whether the trial court abused its discretion. Roberts v. McAllister, 174 N.C. App. 369, 374, 621 S.E.2d 191, 195 (2005). To enable this Court to determine whether there was an abuse of discretion, the trial court must find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment. Coble v. Coble, 300 N.C. 708, 712, 268 S.E.2d 185, 188-89 (1980). "The purpose of the requirement that the court make findings of those specific facts which support its ultimate disposition of the case is to allow a reviewing court to determine from the record whether the judgment  and the legal conclusions which underlie it  represent a correct application of the law." Id. "In the absence of such findings, this Court has no means of determining whether the order is adequately supported by competent evidence." Id.

I
Defendant argues the trial court erred by determining that plaintiff's income should be based on her last employment and not her earning capacity. Because it appears the trial court imputed income to plaintiff and used past income to determine child support obligations, we remand for additional findings of fact.
A party's ability to pay child support is generally based on the amount of income the party receives at the time the child support award is made. McKyer v. McKyer, 179 N.C. App. 132, 146, 632 S.E.2d 828, 836 (2006), rev. denied, McKyer v. McKyer, 361 N.C. 356, 646 S.E.2d 115 (2007). "A party's earning capacity may be used to calculate the award if he deliberately depressed his income or deliberately acted in disregard of his obligation to provide support." Sharpe v. Nobles, 127 N.C. App. 705, 708, 493 S.E.2d 288, 290 (1997). The earning capacity rule can only be used to determine child support where there are findings, based on competent evidence, to support a conclusion that the supporting spouse or parent is deliberately suppressing his or her income to avoid family responsibilities. Bowers v. Bowers, 141 N.C. App. 729, 732, 541 S.E.2d 508, 510 (2001).
In the present case, plaintiff testified during the hearing that she was not employed. Plaintiff was previously employed with High Point Regional Hospital as a part-time nurse. However, at the time of the hearing and entry of the child support order, plaintiff had resigned from her position with the hospital. Although plaintiff was not employed, the trial court made a finding that "plaintiff's gross income from her employment is $17,720.00 per year or $1,476.67 per month," essentially imputing to plaintiff the amount of income she earned during the previous year. Because plaintiff was not employed at the time the child support order was entered, the trial court was required to make findings regarding plaintiff's earning capacity, including findings regarding whether plaintiff deliberately depressed her income, before imputing any income to plaintiff. Therefore, we remand to the trial court to make findings in accordance with this opinion.

II, III, IV, & V
Defendant argues the trial court erred by failing to make findings of fact related to the children's needs or defendant's ability to pay extraordinary expenses and determine the amount of extraordinary expenses because plaintiff requested a deviation from the guidelines. We agree. What constitutes an extraordinary expense is a determination within the discretion of the trial court. Mackins v. Mackins, 114 N.C. App. 538, 549, 442 S.E.2d 352, 359 (1994). The trial court has the discretion to determine the amount of the extraordinary expenses, Id., and to adjust the Guideline amounts to incorporate extraordinary expenses, Biggs v. Greer, 136 N.C. App. 294, 298, 524 S.E.2d 577, 581 (2000). Generally, "incorporation of such adjustments into a child support award does not constitute deviation from the Guidelines, but rather is deemed a discretionary adjustment to the presumptive amounts set forth in the Guidelines." Id. at 298, 524 S.E.2d at 582. However, if a deviation from the guidelines is requested,
the trial court must make adequate findings as to the reasonable needs of the child for health, education and maintenance, having due regard to the estates, earnings, conditions, accustomed standard of living of the child and the parties, the child care and homemaker contributions of each party, and other facts of the particular case.
Gowing v. Gowing, 111 N.C. App. 613, 618-19, 432 S.E.2d 911, 914 (1993). See also N.C. Gen. Stat. § 50-13.4 (c) (2007).
In the present case, plaintiff filed a motion to deviate from the guidelines. Based on plaintiff's motion, the trial court was required to make the findings required under N.C.G.S. § 50-13.4 and Gowing. However, the trial court did not make findings regarding the reasonable needs of the children, the parents' ability to pay or any other facts necessary to enable this Court to determine whether the trial court did in fact deviate from the guidelines or whether the trial court's order was an abuse of discretion. Although in cases where a deviation has not been requested, "the trial court need not make specific findings regarding the child's needs or the parents' ability to pay with regard to extraordinary expenses," Doan v. Doan, 156 N.C. App. 570, 574, 577 S.E.2d 146, 149 (2003), because plaintiff in this case requested a deviation, the trial court was required to make findings regarding extraordinary expenses. See Gowing, 111 N.C. App. at 618, 432 S.E.2d at 914 ("If a deviation from the guidelines is requested, the trial court's award of support will be reviewed on an abuse of discretion standard."). Therefore, we remand in order for the trial court to make findings regarding the children's needs and the parents' abilities to pay and findings as to deviation from the guidelines.
Remanded.
Judges HUNTER and JACKSON concur.
Report per Rule 30(e).