TIMOTHY DANIEL HEAD, Plaintiff v. SHELLY H. MOSIER, Defendant

No. COA08-1132

(Filed 2 June 2009)

## 1. Child Support, Custody, and Visitation— modification—fifteen percent presumption

The trial court did not abuse its discretion in a child support modification case by failing to make any findings regarding any changes in the needs of the minor children because: (1) the 2006 Child Support Guidelines provided that when the moving party has presented evidence that satisfied the requirements of the fifteen percent presumption, they do not need to show a change of circumstances by other means; (2) the trial court concluded that there had been a substantial change in circumstances based on it being more than three years since the calculation of obligor's child support obligation and the current obligation calculation being greater than fifteen percent of the prior obligation calculation; and (3) nothing in the record indicated obligor requested a deviation, and thus the court's order for child support determined by the Guidelines did not require any specific findings regarding the children's reasonable needs and the obligor's ability to provide support.

## 2. Child Support, Custody, and Visitation— modification— earning capacity—legitimate business expenses—depression of income in bad faith

The trial court did not abuse its discretion in a child support modification case by considering obligor's earning capacity allegedly without considering legitimate business expenses, or in the alternative, without finding obligor had deliberately depressed his income in bad faith or had otherwise disregarded his child support obligations because the trial court in findings of fact 5-7 properly considered obligor's gross income and expenses.

## 3. Child Support, Custody, and Visitation— modification—deviation—4-step process

The trial court did not abuse its discretion in a child support modification case by refusing to consider a requested deviation from the 2006 Child Support Guidelines and not following the required 4-step process to determine the need to deviate because: (1) once the substantial change in circumstances is shown, the

appropriate amount of support is calculated by the guidelines, and this amount is conclusively presumed to meet the reasonable needs of the child and to be commensurate with each parent's relative ability to pay support; (2) the Child Support Enforcement Agency filed the motion to modify child support on the mother's behalf based on the original order being three years old or older and on a deviation of fifteen percent or more between the amount of the existing order and the amount of child support resulting from application of the Guidelines, thus meeting the presumption of a substantial change of circumstances warranting modification; (3) nothing in the record indicated that obligor filed a countermotion or timely requested the court's deviation from the guidelines, nor did obligor offer evidence in court to support such a deviation; and (4) the four-step process referenced by obligor is for determining a child support amount and is applied only after a trial court decides to deviate.

**4. Child Support, Custody, and Visitation— modification— separation of findings of fact and conclusions of law**

The findings of fact and conclusions of law in a child support modification case were sufficiently separate for meaningful appellate review.

**5. Child Support, Custody, and Visitation— modification— sufficiency of findings of fact and conclusions of law**

Although obligor contends the trial court erred in a child support modification case by failing to make any findings on the issues and allegedly issued an improper order based on erroneous findings of fact and conclusions of law, this argument was dismissed because it was substantively indistinguishable from an issue already overruled by the Court of Appeals.

Appeal by plaintiff from orders entered 15 April 2008 and 28 May 2008 by Judge J. Thomas Davis in Rutherford County Superior Court. Heard in the Court of Appeals 25 March 2009.

*Timothy Daniel Head, pro se, plaintiff appellant.*

*King Law Offices, PLLC, by Brian W. King, for Rutherford County Department of Social Services, petitioner appellees.*

HUNTER, JR., Robert N., Judge.

## Background

Timothy Daniel Head ("obligor")[1] and Shelly H. Mosier ("Mosier") are the parents of two children, Charity Amanda Head, born 9 October 1998, and Joshua Aaron Head, born 14 August 1993. Both children are in the custody of Mosier and continue to be in need of child support. The trial court entered a child support order against obligor on 16 April 2004 *nunc pro tunc* to 6 February 2004, requiring him to pay child support in the monthly amount of $298.57 of which $20.00 per month was to be applied toward the arrearage. The Rutherford County Department of Social Services Child Support Enforcement Agency ("CSEA") was allowed to intervene in an action to enforce this child support obligation.

Following entry of the prior orders, Mosier had another child, who lives in her home and for whom she is responsible. Obligor is not the father of that child. Mosier stays home with the child, and the court imputed to her a minimum wage salary of $1,065.92 per month.

On 26 February 2008, the CSEA on Mosier's behalf (collectively, the "movants"), brought a motion to modify obligor's child support based on a substantial change of circumstances and an increase in the calculation of child support over fifteen percent after three years.

Obligor appeared pro se at the 9 April 2008 hearing to contest the motion. At the hearing, the trial court allowed obligor to submit certain business deductions.

In its 15 April 2008 order, the court entered the following relevant findings of fact which are the subject of this appeal:

5. The [obligor] since November 09, 2007 has been employed as a truck driver with Heartland Trucking Company on a full time

---

1. The parties in the instant case have been identified differently in various case headings and orders. The case heading on appeal lists Timothy Daniel Head as plaintiff and Shelly Conner Head as defendant; the Motion to Modify Support Order underlying the appeal identifies Rutherford County on behalf of Shelly H. Mosier as plaintiff and Timothy D. Head as defendant; the heading of the order in response to that motion lists Timothy D. Head as plaintiff and Shelly H. Mosier as defendant, but the text of the order refers to Timothy D. Head as both plaintiff and defendant; the Motion for New Trial, Findings, and Conclusions of Law, and Move to Strike Order of April 15, 2008 lists Timothy Daniel Head as plaintiff and Shelly Mosier as defendant; and the responsive order lists Rutherford County on behalf of Shelly H. Mosier as plaintiff and Timothy D. Head as defendant. For clarity, we refer herein to Timothy D. Head as obligor.

basis five days a week. For the first 13 weeks of the year 2008 the obligor] was paid $13,072.52 in gross income. Based thereon the [obligor] is grossing $4,357 per month from this employment. The [obligor] contends that the IRS allows $40 per day as an income tax deduction without substantiation for job related expenses to be deducted from this income for income tax purposes, for which he claims a reduction for the calculation of his gross income for the calculation of child support. Assuming the [obligor] was entitled to a deduction for his employment related expenses for child support purposes, there would be required a showing of the actual expenses incurred. The IRS allowance at best is only an income tax deduction for which substantiation is not required, which is inapplicable to child support determinations. The only expense actually shown was $10 per day five days a week for showers and $25 per week for cell phone expenses. Hygiene expenses however are personal expenses for which all individuals incur and is not a proper deduction for the calculation of income. The cell phone expense would appear to be business related for both the trucking and locksmith business as hereinafter set out.

6. The [obligor] is self employed as a locksmith for which he now works primarily on weekends, and was previously operating this business on a full time basis prior to his trucking employment. The only income over the last thirteen weeks from the business has been $246.50 or $82 per month. From this business the [obligor] continues to incur expenses such as phone service in the monthly amount of $120 per month, phonebook advertising in the monthly amount of $180 per month, and cell phone costs of $108 per month. No other valid business expenses have been shown. From this locksmith business the [obligor] is currently incurring a loss of $326 per month. ($82-$120-$180-108). The truck debt and other debt expenses would not be appropriate to reduce income for calculation of child support under the guidelines.

7. The [obligor] currently has monthly gross income of $4,031 ($4,357-$326) for purposes of determining child support under the guidelines.

8. Based on the guidelines the [obligor] should pay child support in the amount of $935.92 per month as calculated on the attached exhibit A.

The relevant conclusions thereupon included:

> 2. There has been a substantial change in circumstances in that it has been more than three years since the calculation of the [obligor's] child support obligation and the current obligation is greater than fifteen percent (15%) of the prior obligation;

> 3. The [obligor] should pay child support to the defendant based on the guidelines in the monthly amount of $935.92 beginning April 1, 2008; and

> 4. Except as modified herein the court's prior order of November 29, 2005 should remain in full force and effect including the payment of an additional amount of $20 toward the arrearage.

On 25 April 2008, obligor filed a "Motion for New Trial, Findings, and Conclusions of Law, and Move to Strike Order of April 15, 2008." On 28 May 2008, the trial court denied obligor's motion. Obligor appeals.

### Issues

The issues presented are whether, under the applicable North Carolina Child Support Guidelines (the "Guidelines"), the trial court improperly computed the obligor's child support obligation by: (I) failing to make any findings of changes in the needs of the minor children; (II) considering obligor's earning capacity without considering legitimate business expenses, or in the alternative, without finding obligor had deliberately depressed his income in bad faith, or had otherwise disregarded his child support obligations; (III) refusing to consider a requested deviation from the Guidelines and not following the required four-step process to determine the need to deviate; (IV) failing to separate its findings of fact and conclusions of law when requested by obligor to facilitate meaningful appellate review; and (V) failing to follow case law, failing to make any findings on the issues raised, and thus issuing an improper order via errors in findings of fact numbered 5-8 and conclusions of law numbered 1-4.

### Standard of Review

" 'Child support orders entered by a trial court are accorded substantial deference by appellate courts and our review is limited to a determination of whether there was a clear abuse of discretion.' " *Mason v. Erwin*, 157 N.C. App. 284, 287, 579 S.E.2d 120, 122 (2003) (citation omitted). To support a reversal, "an appellant must show that the trial court's actions were manifestly unsupported by reason."

*State ex rel Godwin v. Williams,* 163 N.C. App. 353, 356, 593 S.E.2d 123, 126 (2004) (citing *Bowers v. Bowers,* 141 N.C. App. 729, 731, 541 S.E.2d 508, 509 (2001).

## Discussion

Preliminarily, we note that resolution of this appeal is determined under the 2006 version of the Guidelines, which were in effect at the time of the trial court's order. N.C. Child Support Guidelines 2009 Ann. R. N.C. 41 ("2006 Guidelines").

### I.

**[1]** Obligor first contends the trial court erred by failing to make any findings regarding any changes in the needs of the minor children. He submits that such findings would have allowed this court, on review, to weigh the children's needs against his ability to pay the amount of support ordered.

N.C. Gen. Stat. § 50-13.7(a) (2007) authorizes a North Carolina court to modify or vacate an order of a North Carolina court providing for the support of a minor child at any time upon motion in the cause by an interested party and showing of changed circumstances. Modification of an order requires a two-step process. *McGee v. McGee,* 118 N.C. App. 19, 26, 453 S.E.2d 531, 536, *disc. review denied,* 340 N.C. 359, 458 S.E.2d 189 (1995); *Trevillian v. Trevillian,* 164 N.C. App. 223, 224, 595 S.E.2d 206, 207 (2004). First, a court must determine whether there has been a substantial change in circumstances since the date the existing child support order was entered. *McGee,* 118 N.C. App. at 26-27, 453 S.E.2d at 535-36; *Newman v. Newman,* 64 N.C. App. 125, 128, 306 S.E.2d 540, 541-42, *disc. review denied,* 309 N.C. 822, 310 S.E.2d 351 (1983). The 2006 Guidelines provide:

> In a proceeding to modify the amount of child support payable under a child support order that was entered at least three years before the pending motion to modify was filed, a difference of 15% or more between the amount of child support payable under the existing order and the amount of child support resulting from application of the guidelines based on the parents' current incomes and circumstances shall be presumed to constitute substantial change of circumstances warranting modification of the existing child support order.

2006 Guidelines at 46. When the moving party has presented evidence that satisfies the requirements of the fifteen percent presumption,

they do not need to show a change of circumstances by other means. *Garrison v. Connor*, 122 N.C. App. 702, 706, 471 S.E.2d 644, 647, *disc. review denied*, 344 N.C. 436, 476 S.E.2d 116 (1996) (finding a change of circumstances warranting an increase in defendant's child support when plaintiff presented evidence satisfying the requirements of the fifteen percent presumption and defendant presented no evidence). The Court's "determination of whether changed circumstances exist is a conclusion of law." *Brooker v. Brooker*, 133 N.C. App. 285, 289, 515 S.E.2d 234, 237 (1999).

Upon finding a substantial change in circumstances, the second step is for the court to enter a new child support order that modifies and supersedes the existing child support order. *McGee*, 118 N.C. App. at 26-27, 453 S.E.2d at 535-36. "Once a substantial change in circumstances has been shown by the party seeking modification, the trial court then 'proceeds to follow the Guidelines and to compute the appropriate amount of child support.' " *Beamer v. Beamer*, 169 N.C. App. 594, 596, 610 S.E.2d 220, 222 (2005) (quoting *Davis v. Risley*, 104 N.C. App. 798, 800, 411 S.E.2d 171, 173 (1991)). "Child support set in accordance with the Guidelines 'is conclusively presumed to be in such amount as to meet the reasonable needs of the child and commensurate with the relative abilities of each parent to pay support.' " *Beamer*, 169 N.C. App. at 596, 610 S.E.2d at 222-23 (quoting *Buncombe County ex rel. Blair v. Jackson*, 138 N.C. App. 284, 287, 531 S.E.2d 240, 243 (2000)); N.C. Gen. Stat. § 50-13.4(c) (2007). Absent a request by a party for deviation, when the court enters an order for child support determined pursuant to the Guidelines, specific findings regarding the child's reasonable needs and the parents' ability to provide support generally are not required. *Brooker*, 133 N.C. App. at 289, 515 S.E.2d at 237. Although the court need not "make specific, or evidentiary findings of fact reciting the child's past and present expenses," the court must make "ultimate" findings of fact that will support the court's conclusion that there has been a substantial change of circumstances and that are necessary to resolve material disputes in the evidence. *Id.*

In the instant case, the court concluded that there had been a substantial change in circumstances based on it being more than three years since the calculation of obligor's child support obligation and the current obligation calculation being greater than fifteen percent of the prior obligation calculation. *See McGee*, 118 N.C. App. at 26-27, 453 S.E.2d at 535-36. Based on the Guidelines, the court found and concluded obligor should pay $935.92 in monthly child support. We

presume this finding to be an amount that will meet the reasonable needs of the children and commensurate with the relative abilities of each parent to pay support. *See Beamer*, 169 N.C. App. at 596, 610 S.E.2d at 222-23. Because we see nothing in the record indicating obligor requested a deviation, the court's order for child support determined pursuant to the Guidelines did not require any specific findings regarding the child's reasonable needs and the parents' ability to provide support. *See Brooker*, 133 N.C. App. at 289, 515 S.E.2d at 237. We hold therefore that the trial court did not abuse its discretion by not making findings regarding changes in the needs of the minor children or by failing to weigh the children's needs against obligor's ability to pay the amount of support. Obligor's assignment of error number 1 is overruled.

II.

**[2]** Obligor next contends the trial court erred by considering obligor's earning capacity without considering legitimate business expenses, or in the alternative, without finding obligor had deliberately depressed his income in bad faith, or had otherwise disregarded his child support obligations. Obligor specifically contends it was error for the trial court to label certain business expenses "invalid" instead of setting forth "understandable" reasons as to why such expenses were not accepted and that his "ordinary and necessary expenses required for self-employment or business operation" should have been subtracted from his gross receipts.

When determining a parent's child support obligation under the Guidelines, a court must determine each parent's gross income. 2006 Guidelines. A parent's child support obligation should be based on the parent's " 'actual income *at the time the order is made.*' " *Hodges v. Hodges*, 147 N.C. App. 478, 483, 556 S.E.2d 7, 10 (2001) (quoting *Sharpe v. Nobles*, 127 N.C. App. 705, 708, 493 S.E.2d 288, 290 (1997)). Next, the court must determine allowable deductions from a parent's gross income to get his or her adjusted gross income. 2006 Guidelines. A parent's presumptive child support obligation is based primarily on his or her adjusted gross income. To calculate gross income derived from self-employment, ordinary and necessary expenses required for self-employment or business operation are subtracted from gross receipts. 2006 Guidelines. A court in its discretion may disallow business expense deductions for a home office or personal vehicle, bad debts, depreciation, and repayment of principal on a business loan if it determines that the expenses are inappropriate for the purpose of determining gross income under the Guidelines.

*Cauble v. Cauble*, 133 N.C. App. 390, 395, 515 S.E.2d 708, 712 (1999) (finding no error when court disallowed bad debt and depreciation expenses claimed by Subchapter C corporation); *Kennedy v. Kennedy*, 107 N.C. App. 695, 700, 421 S.E.2d 795, 798 (1992) (finding no error when court did not allow expense deductions for utilities, phone, truck lease, insurance, home and truck maintenance, and personal property taxes claimed by self-employed musician/father).

In the instant case, the trial court in findings of fact 5-7 considered obligor's gross income and expenses. In finding 5 the court made findings regarding obligor's employment and gross income, stated that allowable deductions would require "a showing of the actual expenses incurred," noted the inapplicability of an Internal Revenue Service allowance, and explained that hygiene expenses "are personal expenses for which all individuals incur and [are] not a proper deduction for the calculation of income." The court allowed cell phone expenses as business related expenses. The court in finding 6 calculated obligor's income from his locksmith business; noted phone, cell phone, and phonebook advertising expenses; and noted "[n]o other valid business expenses have been shown." The court further noted that "truck debt and other debt expenses would not be appropriate to reduce income for calculation of child support under the guidelines." In finding 7, from obligor's $4,357 monthly gross income the court deducted a total of $326 in monthly business expenses to determine obligor's monthly income of $4,031 for calculating the child support obligations under the Guidelines. Based on the court's findings, we discern no abuse of discretion and overrule obligor's assignment of error number 2.

III.

[3] Obligor next contends the trial court erred by "refusing to consider a requested deviation from the guidelines" and "not following the required 4 step process to determine the need to deviate." Obligor specifically contends the trial court erred by "not making any determinations as to [his] ability to pay four times [his] previous amount of child support."

As stated in section I, *supra*, once the substantial change in circumstances is shown, the appropriate amount of support is calculated pursuant to the Guidelines. *See Beamer*, 169 N.C. App. at 596, 610 S.E.2d at 222. This amount is conclusively presumed to meet the reasonable needs of the child and to be commensurate with each parent's relative ability to pay support. *Id.* at 596, 610 S.E.2d at 222-23.

A court in its discretion may deviate from the Guidelines. To deviate from the Guidelines, a court may make its own motion if it makes required findings, 2006 Guidelines; *see Pataky v. Pataky*, 160 N.C. App. 289, 296, 585 S.E.2d 404, 409 (2003), *aff'd, disc. review improvidently allowed*, 359 N.C. 65, 602 S.E.2d 360 (2004); a party may request deviation in an original pleading; or a party may request deviation by motion, with at least ten days' written notice. N.C. Gen. Stat. § 50-13.5(d)(1) (2007); *Browne v. Browne*, 101 N.C. App. 617, 624, 400 S.E.2d 736, 740 (1991).

Whether the court enters a child support order determined under the Guidelines or deviates from the Guidelines, a copy of the worksheet used to determine a parent's presumptive child support obligation should be attached to the child support order, incorporated by reference in the child support order, or included in the case record. An appellant should include the Guidelines worksheet in the record on appeal. *Hodges*, 147 N.C. App. at 483, 556 S.E.2d at 10 (finding that when worksheet was not included, the appellate court was unable to determine with certainty the amount placed in defendant's gross income column).

In the instant case, the CSEA filed the motion to modify child support on Mosier's behalf based on the original order being three years old or older and on a deviation of fifteen percent or more between the amount of the existing order and the amount of child support resulting from application of the Guidelines. Thus, the movants met the presumption of a "substantial change of circumstances" that warranted modification. *See McGee*, 118 N.C. App. at 26, 453 S.E.2d at 536. The court's duty was then to go to the second step of applying the Guidelines. *See id.* Other than obligor's assignment of error and brief arguing that the court "refus[ed] to consider a requested deviation from the guidelines," we see nothing in the record indicating obligor filed a countermotion or timely requested the court's deviation from the Guidelines. We also see nothing in the record indicating obligor offered evidence in court to support such a deviation.

Although obligor also references a "required 4 step process to determine the need to deviate," the four-step process is for determining a child support amount and is applied only after a trial court decides to deviate. *See Beamer*, 169 N.C. App. at 597, 610 S.E.2d at 223 (explaining if a trial court decides to deviate from the Guidelines, it then follows a four-step process to determine the child support amount and to enter written findings of fact). Thus, the trial court

was not required to deviate from the Guidelines, nor was it obligated to apply a four-step process, take any evidence, make any findings of fact, or enter any conclusions of law relating to the reasonable needs of the child for support and the relative ability of each parent to pay or provide support in setting the amount of support. *See Hodges*, 147 N.C. App. at 482, 556 S.E.2d at 10; *Beamer*, 169 N.C. App. at 597, 610 S.E.2d at 223. Thus, the trial court did not abuse its discretion in applying the Guidelines, and we overrule obligor's third assignment of error.

## IV.

[4] Obligor next contends the trial court erred by "not separating its findings of fact and conclusions of law when requested by [obligor] to facilitate a meaningful [appellate] review." Specifically, obligor contends the court should have made findings about the "expenses deductibility," his "ability to pay and the needs of the children," and which expenses were "valid." On these issues, he argues the trial court's order was "vague" and "brief."

As noted *supra* in issue II, the court in findings 5-7 assessed obligor's income and expenses. The court's conclusions of law were based on the findings of fact. In conclusion of law number 2, the court stated that there had been a "substantial change in circumstances in that it has been more than three years since the calculation of [obligor's] child support obligation and the current obligation is greater than fifteen percent (15%) of the prior obligation." This satisfied the "ultimate" finding requisite of *Brooker. See Brooker*, 133 N.C. App. at 289, 515 S.E.2d at 237. The court further stated that the payment calculation was based on the Guidelines, and that the prior order remained in effect, excepting the modifications. We hold that the findings of fact and conclusions of law are sufficiently separate for meaningful appellate review and therefore overrule obligor's assignment of error 4.

## V.

[5] Finally, obligor contends the trial court "fail[ed] to follow established case law," "failed to make any findings on the issues raised," and issued an "improper" order based on errors in findings of fact numbered 5-8 and conclusions of law numbered 1-4. This argument is substantively indistinguishable from that found in issue IV; accordingly, we overrule obligor's assignment of error 5.

Conclusion

Movants here presented evidence satisfying the requirements of the fifteen percent presumption, and obligor presented no counter-motion or request to deviate. The trial court properly entered findings of fact that support the conclusions of law, which in turn support the judgment in favor of movants. We therefore hold that under the Guidelines as revised in 2006, movants have shown a change in circumstances sufficient to warrant an increase in obligor's child support obligation. The order of the trial court is

Affirmed.

Judges HUNTER, Robert C., and CALABRIA concur.