STROUD, Judge.
Because the trial court's findings of fact support its determination of defendant's actual income at the time of the hearing for purposes of setting her prospective child support obligation, we need not address the trial court's alternative basis of imputation of income, and we affirm the order.
Plaintiff John Madigan, III ("Father") and defendant Sharon Madigan ("Mother") were married in 1999 and had three children. The parties separated in 2014 and were later divorced. Father filed a complaint on 14 October 2014 seeking child custody and child support. A temporary order granting custody of the children to Father and establishing a visitation schedule and child support obligation for Mother was entered on 6 October 2015. On 25 August 2016, the trial court entered Memorandum of Order with consent of the parties, addressing some visitation issues. On 22 August 2016, the trial court held a hearing on permanent child custody and child support, as well as "[Mother's] alleged contempt under the terms of a Temporary Order." On 29 September 2016, the trial court entered an order on child custody and prospective child support. Mother gave notice of appeal from the order on 24 October 2016.
The only issue Mother has raised on appeal is the trial court's imputation of income to her to calculate her prospective child support obligation; she argues that the trial court's decision to impute income "is in fact unsupported by reason" and was an abuse of discretion. The trial court calculated child support based upon Form AOC-CV-627, Rev. 1/15, entitled, "WORKSHEET A CHILD SUPPORT OBLIGATION PRIMARY CUSTODY" ("Worksheet A"). The only number in dispute is Mother's income.
The determination of the proper amount of child support is within the discretion of the trial court and "will not be disturbed on appeal" unless the appellant shows "a clear abuse of discretion," such "that the challenged actions are manifestly unsupported by reason." Bowers v. Bowers , 141 N.C. App. 729, 731, 541 S.E.2d 508, 509 (2001) (citation, quotation marks, and brackets omitted). Child support is normally set based upon the parent's actual income when the child support order is entered, but support may be based upon a parent's earning capacity if the trial court finds that the parent has "deliberately depressed his income or deliberately acted in disregard of his obligation to provide support." Lasecki v. Lasecki , --- N.C. App. ----, ----, 786 S.E.2d 286, 291-92 (2016). The trial court's findings of fact must be supported by the evidence and must be "sufficient to permit us to determine that the trial court's legal conclusions were a correct application of the law." Metz v. Metz , 212 N.C. App. 494, 499, 711 S.E.2d 737, 740 (2011).
We first note that Mother challenges none of the trial court's findings of fact, which are extensive and detailed; the trial court made nine single-spaced pages of findings of fact. Because Mother challenges none of the trial court's findings of fact, they are binding on appeal. See Mussa v. Palmer-Mussa , 366 N.C. 185, 191, 731 S.E.2d 404, 409 (2012) ("A trial court's unchallenged findings of fact are presumed to be supported by competent evidence and are binding on appeal." (citation, quotation marks, and brackets omitted) ). Second, although Mother has presented her issue on appeal as a challenge only to the imputation of income, we note that the trial court actually used imputation of income as its alternative basis for its determination of Mother's income. The trial court concluded:
The defendant owes an obligation of child support. She is now gainfully employed and earns an income of not less than $2,600 per month. In addition, and as an alternative basis for this Order of child support, the Court concludes that Defendant has failed to exercise her earning capacity in bad faith and based upon her work experience and prior work history, the sum of $2,600 per month is a reasonable amount to impute as her monthly income.
(Emphasis added.) The trial court based the child support obligation upon its findings of Mother's actual income of $2,600 at the time of the hearing. In the alternative , the trial court also concluded that imputation of income would be proper. If the trial court's first determination that Mother's actual income was $2,600 is proper, then we need not consider the alternative basis of imputation of income; arguably we need not even determine if the trial court properly calculated Mother's actual income as she failed to challenge this on appeal. Nonetheless, we consider the trial court's calculation of actual income as her income, actual or imputed, is the basis of her issue on appeal.
Mother argues that her "Child Support Financial Affidavit show a gross income of "$832.42. (R p25)" and that "[t]he trial court has added $1,767.58 a month to Defendant-Appellant's income yet it is not clear how the trial court came up with this amount." Mother's financial affidavit reflected the income she had been earning as a part-time store clerk at A.C. Moore, where she was working before she began working as a private investigator with Private Eyes. It is very clear to us how the trial court "came up with" $2,600 per month: it used mathematics.
The trial court found that Mother was employed by "a Greenville private investigation agency, Private Eyes." The trial court found that Mother was earning $30 per hour and her hours varied depending upon work available, but she "will be able to bill 20 hours per week at a minimum if she reasonably applies herself" and once established "she should have an average of 30 hours per week[.]" Based upon these findings, the trial court determined that Mother was actually earning $2,600 per month. The calculation is based upon the findings of fact on her hours of work and hourly income: 20 hours per week x $30 per hour = $600 x 52 weeks = $31,200/12 months = $2,600 per month. Since the order established only prospective child support, Mother's current earnings are used for the child support calculation, not what she had been earning in the past.
Although the trial court found that Mother could bill at least 20 hours per week "if she reasonably applies herself," other detailed and unchallenged findings of fact show that at the time of the hearing, Mother was in fact working and earning the income of $2,600 per month. In fact, the trial court also found that Mother was "capable of earning substantially more than $31,200 per year if she applies herself and works at her capacity" but "this amount as the actual income from Defendant's current employment [is] most appropriate to be used for computation of Defendant's child support obligation based on the Guidelines and under the current circumstances." The child support was then calculated based Worksheet A. Mother's arguments are without merit.
We therefore affirm the trial court's order.
AFFIRMED.
Report per Rule 30(e).
Judges HUNTER and TYSON concur.