IN THE COURT OF APPEALS OF NORTH CAROLINA

 2022-NCCOA-2

 No. COA20-823

 Filed 4 January 2022

 Burke County, No. 11 CVD 1211

 TIMOTHY BRYAN BARUS, Plaintiff,

 v.

 LESLIE KILLIAN COFFEY, Defendant,

 v.

 RAMONA BARUS, Intervenor.

 Appeal by plaintiff from order entered 29 May 2020 by Judge Robert A.

 Mullinax, Jr. in District Court, Burke County. Heard in the Court of Appeals 8 June

 2021.

 Law Office of Jared T. Amos, PLLC, by Jared T. Amos, for plaintiff-appellant.

 J. Steven Brackett Law Office, by J. Steven Brackett, for defendant-appellee.

 STROUD, Chief Judge.

¶1 Plaintiff appeals an order dismissing his motion for modification of child

 support based upon North Carolina General Statute § 1A-1, Rule 12(b)(6). Taking

 the allegations of the motion as true, as required upon review of a motion to dismiss,

 Father’s motion for modification states a claim upon which relief can be granted, so
 BARUS V. COFFEY

 2022-NCCOA-2

 Opinion of the Court

 we reverse and remand.

 I. Background

¶2 Plaintiff-father and defendant-mother were married in 1998, had two children,

 and divorced in 2011-2012.1 In 2014, a permanent custody order was entered with

 the parties sharing “joint care, custody, and control[,]” awarding “primary placement”

 to Father during the school year and joint placement during summer months (“2014

 Permanent Order”).2 Under the 2014 Permanent Order, neither party paid child

 support.

¶3 On 4 April 2017, Father filed a verified motion requesting a modification of

 custody, medical coverage, and child support (“2017 Motion”). On 5 July 2017,

 Mother responded to Father’s 2017 Motion and requested a change to the “exchange

 schedule.” Other orders and documents were filed regarding issues beyond the scope

 of this appeal, but a hearing was set for the 2017 Motion. The 2017 Motion hearing

 was continued many times and was ultimately held on 25 July 2018, 10 September

 2018, 12 September 2018, 11 October 2018, and 29 October 2018. Based on these

 hearing dates the trial court entered an order on 7 May 2019 entitled, “ORDER FOR

 MODIFICATION OF CUSTODY, CONTEMPT, and ATTORNEY FEES” (“May 2019

 1 Father’s complaint alleges a divorce date in 2011; Mother’s answer alleges 2012. The
 exact date of divorce is not relevant to this appeal.

 2 The order also addresses the intervenor who is not relevant to this appeal.
 BARUS V. COFFEY

 2022-NCCOA-2

 Opinion of the Court

 Order”). While the title of the order does not mention medical coverage or support,

 the first paragraph of the order notes it is addressing Father’s “request to establish

 child support and modify the Order as it relates to health insurance.”

¶4 In the May 2019 Order, the trial court denied both parties’ motions to modify

 the 2014 Permanent Order in any way and left it in “full force and effect.” The May

 2019 Order does not include any findings or conclusions of law regarding the motion

 for medical coverage or child support, nor are these issues mentioned in the decree

 beyond noting the 2014 Permanent Order would “remain in full force and effect.”

¶5 Thereafter, the trial court entered another order on 11 October 2019 on

 Father’s 2017 Motion; the order is entitled “ORDER ON MODIFICATION OF CHILD

 SUPPORT AND MEDICAL COVERAGE” (“October 2019 Order”). The trial court

 notes the hearing date for the modification of child support and medical coverage was

 7 May 2019, the same date as entry of the May 2019 Order leaving the 2014

 Permanent Order in effect.3 The trial court denied Father’s motion to modify medical

 3 The 11 October 2019 “ORDER ON MODIFICATION OF CHILD SUPPORT AND MEDICAL

 COVERAGE” notes specifically that it is regarding “[t]he Plaintiff’s April 4, 2017 motion for
 modification of medical coverage and motion for modification of support” and “was heard” “on
 May 7, 2019.” But our record on appeal and the transcripts filed do not show any evidentiary
 hearing held on 7 May 2019. 7 May 2019 was the date of entry of the “ORDER FOR
 MODIFICATION OF CUSTODY, CONTEMPT and ATTORNEY FEES” which was based
 upon the hearing held on multiple dates through 2018. Considering the transcripts and both
 orders, it appears that both orders were based upon the evidence presented at the series of
 hearing dates in 2018. The trial court entered two separate orders based upon the 2018
 hearing dates, the May 2019 Order and the October 2019 Order.
 BARUS V. COFFEY

 2022-NCCOA-2

 Opinion of the Court

 insurance coverage and child support in the October 2019 Order. The October 2019

 Order was not appealed. Because we do not have a transcript from the 2018 hearings

 or the court date in May 2019 when the order was entered, we cannot determine if

 the parties knew the trial court planned to issue another order based upon the 2018

 hearings after entry of the May 2019 Order. The May 2019 Order makes no mention

 of a further determination or order and explicitly notes it is considering child support

 and medical coverage, yet the May 2019 Order ultimately made no findings or

 conclusions of law addressing the 2017 Motion as to child support or medical

 coverage.

¶6 Almost four months after the trial court entered the May 2019 Order, and a bit

 more than one month before the October 2019 Order was entered, Father filed

 another motion to modify child support on 30 August 2019 (“2019 Motion”). The 2019

 Motion is the subject of this appeal. On 23 January 2020, the trial court held a

 hearing on Father’s 2019 Motion; at that hearing Mother’s counsel made an oral

 “motion to dismiss [Father’s] Motion to Modify upon its failure to state a claim upon

 which relief could be granted.”

¶7 By order entered 29 May 2020, the trial court found the 2019 Motion “vaguely

 references ‘the parents’ current incomes and circumstances[,]’” and thus “the

 [Father’s] minimal allegations set forth in his [2019] Motion fail to provide [Mother]

 sufficient notice to allow [Mother] to prepare an appropriate defense to [Father’s]
 BARUS V. COFFEY

 2022-NCCOA-2

 Opinion of the Court

 [2019 M]otion” (“2020 Order”). The trial court concluded, “[t]he [Father’s] Motion

 fails to state a claim upon which relief can be granted.” The trial court entered an

 order granting Mother’s “Motion to Dismiss pursuant to Rule 12b(6)” and dismissing

 Father’s 2019 Motion. Father appeals only the 2020 Order.

 II. Motion to Dismiss

¶8 Father contends the trial court erred in granting Mother’s motion to dismiss

 his motion to modify child support under Rule 12(b)(6) for failure to state a claim

 upon which relief can be granted.

 A. Standard of Review

¶9 We addressed a similar issue in Stern v. Stern, where the father filed a motion

 for modification of custody, and the mother moved to dismiss his motion. Stern v.

 Stern, 264 N.C. App. 585, 586–87, 826 S.E.2d 490, 492 (2019). The trial court did not

 state specific grounds for dismissal in Stern, but this Court ultimately addressed the

 issue as a motion to dismiss under North Carolina Rule of Civil Procedure 12(b)(6),

 the same basis as was used in this case:

 This Court has stated that dismissal of a motion to modify
 child support when only the allegations in the motion and
 the court file are considered by the trial court is a summary
 procedure similar to judgment on the pleadings. A trial
 court’s ruling on a motion for judgment on the pleadings is
 subject to de novo review on appeal.
 The trial court is required to view the facts
 and permissible inferences in the light most
 favorable to the nonmoving party. All well
 BARUS V. COFFEY

 2022-NCCOA-2

 Opinion of the Court

 pleaded factual allegations in the nonmoving
 party’s pleadings are taken as true and all
 contravening assertions in the movant’s
 pleadings are taken as false. All allegations in
 the nonmovant’s pleadings, except
 conclusions of law, legally impossible facts,
 and matters not admissible in evidence at the
 trial, are deemed admitted by the movant for
 purposes of the motion.
 ....
 . . . But whether considered as a motion for judgment on
 the pleadings or as a motion to dismiss under Rule 12(b)(6),
 our standard of review is the same: we review the ruling de
 novo and we consider Father’s allegations in the motion to
 modify as true and determine whether the allegations are
 sufficient to state a claim upon which relief may be granted
 under some legal theory.

 Id. at 588–89, 826 S.E.2d at 493–94 (citations, quotation marks, and brackets

 omitted).

 B. Substantial Change in Circumstances

¶ 10 Under North Carolina’s Child Support Guidelines, a child support order is

 subject to modification based on a substantial change of circumstances if a motion to

 modify is filed at least three years after entry of the prior order and there is a

 difference of 15% or more in the amount of child support currently payable based

 upon application of the Guidelines:

 N.C. Gen. Stat. § 50–13.7(a)(2007) authorizes a
 North Carolina court to modify or vacate an order of a
 North Carolina court providing for the support of a minor
 child at any time upon motion in the cause by an interested
 party and showing of changed circumstances. Modification
 BARUS V. COFFEY

 2022-NCCOA-2

 Opinion of the Court

 of an order requires a two-step process. First, a court must
 determine whether there has been a substantial change in
 circumstances since the date the existing child support
 order was entered. The 2006 Guidelines provide:
 In a proceeding to modify the amount of child
 support payable under a child support order
 that was entered at least three years before
 the pending motion to modify was filed, a
 difference of 15% or more between the amount
 of child support payable under the existing
 order and the amount of child support
 resulting from application of the guidelines
 based on the parents’ current incomes and
 circumstances shall be presumed to constitute
 substantial change of circumstances
 warranting modification of the existing child
 support order.
 When the moving party has presented evidence that
 satisfies the requirements of the fifteen percent
 presumption, they do not need to show a change of
 circumstances by other means. The Court’s determination
 of whether changed circumstances exist is a conclusion of
 law.
 Upon finding a substantial change in circumstances,
 the second step is for the court to enter a new child support
 order that modifies and supersedes the existing child
 support order. Once a substantial change in circumstances
 has been shown by the party seeking modification, the trial
 court then proceeds to follow the Guidelines and to
 compute the appropriate amount of child support.

Head v. Mosier, 197 N.C. App. 328, 333–34, 677 S.E.2d 191, 195–96 (2009) (citations,

quotation marks, and brackets omitted).4

4 While North Carolina General Statute §§ 50-13.4, -13.7 and the Child Support Guidelines

have since been amended, the amendments do not change our analysis on appeal. See
generally N.C. Gen. Stat. §§ 50-13.4, -13.7; 2020 Child Support Guidelines.
 BARUS V. COFFEY

 2022-NCCOA-2

 Opinion of the Court

¶ 11 North Carolina’s 2020 Child Support Guidelines (“Guidelines”) provide that a

 substantial change in circumstances is presumed where a child support order “was

 entered at least three years before the pending motion to modify was filed” and there

 is “a difference of 15% or more between the amount of child support payable under

 the existing order and the amount of child support resulting from application of the

 guidelines based on the parents’ current incomes”:

 In a proceeding to modify the amount of child support
 payable under a child support order that was entered at
 least three years before the pending motion to modify was
 filed, a difference of 15% or more between the amount of
 child support payable under the existing order and the
 amount of child support resulting from application of the
 guidelines based on the parents’ current incomes and
 circumstances shall be presumed to constitute a
 substantial change of circumstances warranting
 modification of the existing child support order.

 C. Father’s Motion to Modify Child Support

¶ 12 Here, the specific basis for granting Mother’s 12(b)(6) motion to dismiss was

 Father’s 2019 “Motion fails to state a claim upon which relief can be granted”

 specifically because the “minimal allegations set forth in his Motion fail to provide

 [Mother] sufficient notice[.]” But Father filed his motion for modification on an AOC

 form and made factual allegations to support his motion.

¶ 13 Father used AOC-CV-600, Rev. 3/03 entitled “MOTION AND NOTICE OF

 HEARING FOR MODIFICATION OF CHILD SUPPORT ORDER” as based upon
 BARUS V. COFFEY

 2022-NCCOA-2

 Opinion of the Court

 North Carolina General Statutes §§ 50-13.7 and -13.10. The entirety of the form is

 filled out including the appropriate county, court file number, and Father’s and

 Mother’s full names and addresses. The form provides that Father “moves the Court

 modify the Order for Child Support now in effect in this action[.]” The form then

 notes specifically that Father wants to modify the 25 August 2014 order in effect. The

 form then states, “Since the current Order for Child Support was entered,

 circumstances have changed as follows” and Father added the following allegations:

 More than three years have elapsed since the entry of the
 prior order and there is a difference of 15% or more between
 the amount of child support payable under the existing
 order and the amount of child support resulting from
 application of the guidelines based on the parents’ current
 incomes and circumstances.

¶ 14 Father then requested that the Order for Child Support be modified by

 increasing child support and added that he was requesting “Increased/establish

 support from the Defendant to the Plaintiff based upon N.C. Support guidelines.” The

 form is signed by Father’s attorney and dated. The notice of hearing portion is also

 filled out to give Mother notice of a hearing on 3 October 2019 at 9:00am.

¶ 15 Father’s motion plainly contains the allegations required to state a claim for

 modification of child support based upon the presumption of substantial change of

 circumstances according to the Child Support Guidelines. See generally Head, 197

 N.C. App. at 333–34, 677 S.E.2d at 195–96. Father alleged the order he is attempting
 BARUS V. COFFEY

 2022-NCCOA-2

 Opinion of the Court

 to modify was entered in 2014 and there has been a change since that time of 15% or

 more in the amount of child support payable based upon application of the Guidelines.

 Father’s allegations need not be any more specific under the Guidelines or the

 statutes upon which the AOC form he used was based. See generally N.C. Gen. Stat.

 §§ 50-13.7, -13.10; 2020 North Carolina Child Support Guidelines.

¶ 16 Because this issue comes on appeal from dismissal based on Rule 12(b)(6), we

 cannot address the issue of whether there has actually been a substantial change of

 circumstances justifying modification of child support; the only question is whether

 Father stated a claim upon which relief may be granted. “The function of a motion to

 dismiss is to test the law of a claim, not the facts which support it.” White v. White,

 296 N.C. 661, 667, 252 S.E.2d 698, 702 (1979) (citation and quotation marks omitted).

 We must take all Father’s allegations as true, Stern, 264 N.C. App. at 588, 826 S.E.2d

 at 493, and the motion makes all the allegations required to state a claim for a

 modification of child support under North Carolina General Statutes §§ 50-13.7 and

 -13.10 and the Child Support Guidelines. See generally N.C. Gen. Stat. §§ 50-13.7, -

 13.10; 2020 Guidelines.

¶ 17 The motion’s reference to “the parties’ current incomes and circumstances” is

 not “vague” in the context of the AOC form for a motion to modify child support, the

 cited statutes on the form, and the Guidelines. It is perfectly clear that Father is

 requesting an increase of child support, to be paid to him by Mother, calculated based
 BARUS V. COFFEY

 2022-NCCOA-2

 Opinion of the Court

 upon the Guidelines and the current incomes and other relevant financial

 circumstances of the parties. There is no requirement for Father’s motion to allege

 the actual incomes of the parties or any other detailed financial information. It is

 also clear that Father claims he is entitled to a modification of child support based

 upon the presumption created by the Guidelines because it had been three years since

 entry of the last order and the alleged 15% difference between child support under

 the 2014 Permanent Order -- which was zero -- and a calculation of child support

 based upon the parties’ current incomes and circumstances. Although we recognize

 the mathematical fact that 15% of zero is still zero, the Child Support Guidelines do

 not contemplate foreclosing a parent in this situation from ever seeking a

 modification of child support based upon changes in the parties’ incomes and changes

 in the other financial factors addressed by the Guidelines. Even where neither parent

 pays child support to the other because of the custodial schedule and the numbers

 used in the original calculation of child support, as was apparently the situation for

 these parties in 2014, it is still possible to do a Guideline calculation of each parent’s

 child support obligations based upon current circumstances to determine if Mother

 would now owe child support to Father. Father contends that calculation would

 result in a change in the child support obligations of each party and that Mother

 would owe child support to him.

¶ 18 Considering the confusion regarding which issues were addressed by the May
 BARUS V. COFFEY

 2022-NCCOA-2

 Opinion of the Court

 2019 and October 2019 orders, we also note that as part of the rationale for granting

 Mother’s motion to dismiss, the trial court did not find or conclude that the court had

 already addressed the issue of child support in the May 2019 Order. If the most

 recent child support order was the May 2019 Order instead of the 2014 Order, three

 years would not have passed since entry of the prior child support order when Father

 filed his motion to modify child support on 30 August 2019, and the time period for a

 presumption under the Guidelines would not apply. See generally Head, 197 N.C.

 App. at 333–34, 677 S.E.2d at 195–96. And the October 2019 Order was entered after

 Father filed the motion to modify child support, but it did not address the August

 2019 motion to modify. As noted above, we cannot determine if Father had reason to

 know in August 2019 that the trial court intended to enter another order based upon

 the 2018 hearings, in addition to the May 2019 Order. The May 2019 Order purports

 to address all the issues presented and does not give any indication that a further

 order would be entered. We recognize, given the convoluted procedural history of this

 case and the many hearings on different motions, it is possible the trial court had

 considered the issue of child support again since 2014, but the later orders in our

 record do not specifically address the issue of child support, and we must base our

 ruling on those orders.

¶ 19 Again, we express no opinion on whether Father will be entitled to a

 modification of child support on remand, as that will depend upon the parties’ actual
 BARUS V. COFFEY

 2022-NCCOA-2

 Opinion of the Court

 incomes and relevant expenses under the Child Support Guidelines. We simply hold

 that Father’s motion for a modification of child support was set out in adequate detail

 to give Mother notice of his claim as he made all the factual allegations required by

 the AOC form under North Carolina General Statutes §§ 50-13.7 and -13.10 and the

 Child Support Guidelines. Father’s motion was on the AOC form specifically

 intended for motions to modify child support. Since Father’s motion stated a claim

 for modification of child support, the trial court erred by dismissing the motion for

 failure to state a claim under Rule 12(b)(6).

 III. Conclusion

¶ 20 We reverse the order dismissing Father’s motion to modify child support based

 upon Rule 12(b)(6) and remand for further proceedings.

 REVERSED AND REMANDED.

 Judges COLLINS and WOOD concur.