IN THE COURT OF APPEALS OF NORTH CAROLINA

2022-NCCOA-2

No. COA20-823

Filed 4 January 2022

Burke County, No. 11 CVD 1211

TIMOTHY BRYAN BARUS, Plaintiff,

v.

LESLIE KILLIAN COFFEY, Defendant,

v.

RAMONA BARUS, Intervenor.

Appeal by plaintiff from order entered 29 May 2020 by Judge Robert A. Mullinax, Jr. in District Court, Burke County. Heard in the Court of Appeals 8 June 2021.

*Law Office of Jared T. Amos, PLLC, by Jared T. Amos, for plaintiff-appellant.*

*J. Steven Brackett Law Office, by J. Steven Brackett, for defendant-appellee.*

STROUD, Chief Judge.

¶ 1     Plaintiff appeals an order dismissing his motion for modification of child support based upon North Carolina General Statute § 1A-1, Rule 12(b)(6). Taking the allegations of the motion as true, as required upon review of a motion to dismiss, Father's motion for modification states a claim upon which relief can be granted, so

we reverse and remand.

## I. Background

Plaintiff-father and defendant-mother were married in 1998, had two children, and divorced in 2011-2012.[1] In 2014, a permanent custody order was entered with the parties sharing "joint care, custody, and control[,]" awarding "primary placement" to Father during the school year and joint placement during summer months ("2014 Permanent Order").[2] Under the 2014 Permanent Order, neither party paid child support.

On 4 April 2017, Father filed a verified motion requesting a modification of custody, medical coverage, and child support ("2017 Motion"). On 5 July 2017, Mother responded to Father's 2017 Motion and requested a change to the "exchange schedule." Other orders and documents were filed regarding issues beyond the scope of this appeal, but a hearing was set for the 2017 Motion. The 2017 Motion hearing was continued many times and was ultimately held on 25 July 2018, 10 September 2018, 12 September 2018, 11 October 2018, and 29 October 2018. Based on these hearing dates the trial court entered an order on 7 May 2019 entitled, "ORDER FOR MODIFICATION OF CUSTODY, CONTEMPT, and ATTORNEY FEES" ("May 2019

---

[1] Father's complaint alleges a divorce date in 2011; Mother's answer alleges 2012. The exact date of divorce is not relevant to this appeal.

[2] The order also addresses the intervenor who is not relevant to this appeal.

Order"). While the title of the order does not mention medical coverage or support, the first paragraph of the order notes it is addressing Father's "request to establish child support and modify the Order as it relates to health insurance."

¶ 4 In the May 2019 Order, the trial court denied both parties' motions to modify the 2014 Permanent Order in any way and left it in "full force and effect." The May 2019 Order does not include any findings or conclusions of law regarding the motion for medical coverage or child support, nor are these issues mentioned in the decree beyond noting the 2014 Permanent Order would "remain in full force and effect."

¶ 5 Thereafter, the trial court entered another order on 11 October 2019 on Father's 2017 Motion; the order is entitled "ORDER ON MODIFICATION OF CHILD SUPPORT AND MEDICAL COVERAGE" ("October 2019 Order"). The trial court notes the hearing date for the modification of child support and medical coverage was 7 May 2019, the same date as entry of the May 2019 Order leaving the 2014 Permanent Order in effect.[3] The trial court denied Father's motion to modify medical

---

[3] The 11 October 2019 "ORDER ON MODIFICATION OF CHILD SUPPORT AND MEDICAL COVERAGE" notes specifically that it is regarding "[t]he Plaintiff's April 4, 2017 motion for modification of medical coverage and motion for modification of support" and "was heard" "on May 7, 2019." But our record on appeal and the transcripts filed do not show any evidentiary hearing held on 7 May 2019. 7 May 2019 was the date of entry of the "ORDER FOR MODIFICATION OF CUSTODY, CONTEMPT and ATTORNEY FEES" which was based upon the hearing held on multiple dates through 2018. Considering the transcripts and both orders, it appears that both orders were based upon the evidence presented at the series of hearing dates in 2018. The trial court entered two separate orders based upon the 2018 hearing dates, the May 2019 Order and the October 2019 Order.

insurance coverage and child support in the October 2019 Order. The October 2019 Order was not appealed. Because we do not have a transcript from the 2018 hearings or the court date in May 2019 when the order was entered, we cannot determine if the parties knew the trial court planned to issue another order based upon the 2018 hearings after entry of the May 2019 Order. The May 2019 Order makes no mention of a further determination or order and explicitly notes it is considering child support and medical coverage, yet the May 2019 Order ultimately made no findings or conclusions of law addressing the 2017 Motion as to child support or medical coverage.

¶ 6 Almost four months after the trial court entered the May 2019 Order, and a bit more than one month *before* the October 2019 Order was entered, Father filed another motion to modify child support on 30 August 2019 ("2019 Motion"). The 2019 Motion is the subject of this appeal. On 23 January 2020, the trial court held a hearing on Father's 2019 Motion; at that hearing Mother's counsel made an oral "motion to dismiss [Father's] Motion to Modify upon its failure to state a claim upon which relief could be granted."

¶ 7 By order entered 29 May 2020, the trial court found the 2019 Motion "vaguely references 'the parents' current incomes and circumstances[,]'" and thus "the [Father's] minimal allegations set forth in his [2019] Motion fail to provide [Mother] sufficient notice to allow [Mother] to prepare an appropriate defense to [Father's]

[2019 M]otion" ("2020 Order"). The trial court concluded, "[t]he [Father's] Motion fails to state a claim upon which relief can be granted." The trial court entered an order granting Mother's "Motion to Dismiss pursuant to Rule 12b(6)" and dismissing Father's 2019 Motion. Father appeals only the 2020 Order.

## II. Motion to Dismiss

¶ 8        Father contends the trial court erred in granting Mother's motion to dismiss his motion to modify child support under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

### A. Standard of Review

¶ 9        We addressed a similar issue in *Stern v. Stern*, where the father filed a motion for modification of custody, and the mother moved to dismiss his motion. *Stern v. Stern*, 264 N.C. App. 585, 586–87, 826 S.E.2d 490, 492 (2019). The trial court did not state specific grounds for dismissal in *Stern*, but this Court ultimately addressed the issue as a motion to dismiss under North Carolina Rule of Civil Procedure 12(b)(6), the same basis as was used in this case:

> This Court has stated that dismissal of a motion to modify child support when only the allegations in the motion and the court file are considered by the trial court is a summary procedure similar to judgment on the pleadings. A trial court's ruling on a motion for judgment on the pleadings is subject to *de novo* review on appeal.
>> The trial court is required to view the facts and permissible inferences in the light most favorable to the nonmoving party. All well

> pleaded factual allegations in the nonmoving
> party's pleadings are taken as true and all
> contravening assertions in the movant's
> pleadings are taken as false. All allegations in
> the nonmovant's pleadings, except
> conclusions of law, legally impossible facts,
> and matters not admissible in evidence at the
> trial, are deemed admitted by the movant for
> purposes of the motion.
> . . . .
> . . . But whether considered as a motion for judgment on
> the pleadings or as a motion to dismiss under Rule 12(b)(6),
> our standard of review is the same: we review the ruling *de
> novo* and we consider Father's allegations in the motion to
> modify as true and determine whether the allegations are
> sufficient to state a claim upon which relief may be granted
> under some legal theory.

*Id.* at 588–89, 826 S.E.2d at 493–94 (citations, quotation marks, and brackets

omitted).

**B. Substantial Change in Circumstances**

¶ 10         Under North Carolina's Child Support Guidelines, a child support order is

subject to modification based on a substantial change of circumstances if a motion to

modify is filed at least three years after entry of the prior order and there is a

difference of 15% or more in the amount of child support currently payable based

upon application of the Guidelines:

> N.C. Gen. Stat. § 50–13.7(a)(2007) authorizes a
> North Carolina court to modify or vacate an order of a
> North Carolina court providing for the support of a minor
> child at any time upon motion in the cause by an interested
> party and showing of changed circumstances. Modification

of an order requires a two-step process. First, a court must determine whether there has been a substantial change in circumstances since the date the existing child support order was entered. The 2006 Guidelines provide:

> In a proceeding to modify the amount of child support payable under a child support order that was entered at least three years before the pending motion to modify was filed, a difference of 15% or more between the amount of child support payable under the existing order and the amount of child support resulting from application of the guidelines based on the parents' current incomes and circumstances shall be presumed to constitute substantial change of circumstances warranting modification of the existing child support order.

When the moving party has presented evidence that satisfies the requirements of the fifteen percent presumption, they do not need to show a change of circumstances by other means. The Court's determination of whether changed circumstances exist is a conclusion of law.

> Upon finding a substantial change in circumstances, the second step is for the court to enter a new child support order that modifies and supersedes the existing child support order. Once a substantial change in circumstances has been shown by the party seeking modification, the trial court then proceeds to follow the Guidelines and to compute the appropriate amount of child support.

*Head v. Mosier*, 197 N.C. App. 328, 333–34, 677 S.E.2d 191, 195–96 (2009) (citations, quotation marks, and brackets omitted).[4]

---

[4] While North Carolina General Statute §§ 50-13.4, -13.7 and the Child Support Guidelines have since been amended, the amendments do not change our analysis on appeal. *See generally* N.C. Gen. Stat. §§ 50-13.4, -13.7; 2020 Child Support Guidelines.

¶ 11        North Carolina's 2020 Child Support Guidelines ("Guidelines") provide that a

substantial change in circumstances is presumed where a child support order "was

entered at least three years before the pending motion to modify was filed" and there

is "a difference of 15% or more between the amount of child support payable under

the existing order and the amount of child support resulting from application of the

guidelines based on the parents' current incomes":

> In a proceeding to modify the amount of child support
> payable under a child support order that was entered at
> least three years before the pending motion to modify was
> filed, a difference of 15% or more between the amount of
> child support payable under the existing order and the
> amount of child support resulting from application of the
> guidelines based on the parents' current incomes and
> circumstances shall be presumed to constitute a
> substantial change of circumstances warranting
> modification of the existing child support order.

**C. Father's Motion to Modify Child Support**

¶ 12        Here, the specific basis for granting Mother's 12(b)(6) motion to dismiss was

Father's 2019 "Motion fails to state a claim upon which relief can be granted"

specifically because the "minimal allegations set forth in his Motion fail to provide

[Mother] sufficient notice[.]" But Father filed his motion for modification on an AOC

form and made factual allegations to support his motion.

¶ 13        Father used AOC-CV-600, Rev. 3/03 entitled "MOTION AND NOTICE OF

HEARING FOR MODIFICATION OF CHILD SUPPORT ORDER" as based upon

North Carolina General Statutes §§ 50-13.7 and -13.10. The entirety of the form is filled out including the appropriate county, court file number, and Father's and Mother's full names and addresses. The form provides that Father "moves the Court modify the Order for Child Support now in effect in this action[.]" The form then notes specifically that Father wants to modify the 25 August 2014 order in effect. The form then states, "Since the current Order for Child Support was entered, circumstances have changed as follows" and Father added the following allegations:

> More than three years have elapsed since the entry of the prior order and there is a difference of 15% or more between the amount of child support payable under the existing order and the amount of child support resulting from application of the guidelines based on the parents' current incomes and circumstances.

¶ 14 Father then requested that the Order for Child Support be modified by increasing child support and added that he was requesting "Increased/establish support from the Defendant to the Plaintiff based upon N.C. Support guidelines." The form is signed by Father's attorney and dated. The notice of hearing portion is also filled out to give Mother notice of a hearing on 3 October 2019 at 9:00am.

¶ 15 Father's motion plainly contains the allegations required to state a claim for modification of child support based upon the presumption of substantial change of circumstances according to the Child Support Guidelines. *See generally Head*, 197 N.C. App. at 333–34, 677 S.E.2d at 195–96. Father alleged the order he is attempting

to modify was entered in 2014 and there has been a change since that time of 15% or more in the amount of child support payable based upon application of the Guidelines. Father's allegations need not be any more specific under the Guidelines or the statutes upon which the AOC form he used was based. *See generally* N.C. Gen. Stat. §§ 50-13.7, -13.10; 2020 North Carolina Child Support Guidelines.

¶ 16    Because this issue comes on appeal from dismissal based on Rule 12(b)(6), we cannot address the issue of whether there has actually been a substantial change of circumstances justifying modification of child support; the only question is whether Father *stated a claim upon which relief may be granted*. "The function of a motion to dismiss is to test the law of a claim, not the facts which support it." *White v. White*, 296 N.C. 661, 667, 252 S.E.2d 698, 702 (1979) (citation and quotation marks omitted). We must take all Father's allegations as true, *Stern*, 264 N.C. App. at 588, 826 S.E.2d at 493, and the motion makes all the allegations required to state a claim for a modification of child support under North Carolina General Statutes §§ 50-13.7 and -13.10 and the Child Support Guidelines. *See generally* N.C. Gen. Stat. §§ 50-13.7, -13.10; 2020 Guidelines.

¶ 17    The motion's reference to "the parties' current incomes and circumstances" is not "vague" in the context of the AOC form for a motion to modify child support, the cited statutes on the form, and the Guidelines. It is perfectly clear that Father is requesting an increase of child support, to be paid to him by Mother, calculated based

upon the Guidelines and the current incomes and other relevant financial circumstances of the parties. There is no requirement for Father's motion to allege the actual incomes of the parties or any other detailed financial information. It is also clear that Father claims he is entitled to a modification of child support based upon the presumption created by the Guidelines because it had been three years since entry of the last order and the alleged 15% difference between child support under the 2014 Permanent Order -- which was zero -- and a calculation of child support based upon the parties' current incomes and circumstances. Although we recognize the mathematical fact that 15% of zero is still zero, the Child Support Guidelines do not contemplate foreclosing a parent in this situation from ever seeking a modification of child support based upon changes in the parties' incomes and changes in the other financial factors addressed by the Guidelines. Even where neither parent pays child support to the other because of the custodial schedule and the numbers used in the original calculation of child support, as was apparently the situation for these parties in 2014, it is still possible to do a Guideline calculation of each parent's child support obligations based upon current circumstances to determine if Mother would now owe child support to Father. Father contends that calculation would result in a change in the child support obligations of each party and that Mother would owe child support to him.

¶ 18        Considering the confusion regarding which issues were addressed by the May

2019 and October 2019 orders, we also note that as part of the rationale for granting Mother's motion to dismiss, the trial court did *not* find or conclude that the court had already addressed the issue of child support in the May 2019 Order. If the most recent child support order was the May 2019 Order instead of the 2014 Order, three years would not have passed since entry of the prior child support order when Father filed his motion to modify child support on 30 August 2019, and the time period for a presumption under the Guidelines would not apply. *See generally Head*, 197 N.C. App. at 333–34, 677 S.E.2d at 195–96. And the October 2019 Order was entered *after* Father filed the motion to modify child support, but it did not address the August 2019 motion to modify. As noted above, we cannot determine if Father had reason to know in August 2019 that the trial court intended to enter another order based upon the 2018 hearings, in addition to the May 2019 Order. The May 2019 Order purports to address all the issues presented and does not give any indication that a further order would be entered. We recognize, given the convoluted procedural history of this case and the many hearings on different motions, it is possible the trial court had considered the issue of child support again since 2014, but the later orders in our record do not specifically address the issue of child support, and we must base our ruling on those orders.

¶ 19   Again, we express no opinion on whether Father will be entitled to a modification of child support on remand, as that will depend upon the parties' actual

incomes and relevant expenses under the Child Support Guidelines. We simply hold that Father's motion for a modification of child support was set out in adequate detail to give Mother notice of his claim as he made all the factual allegations required by the AOC form under North Carolina General Statutes §§ 50-13.7 and -13.10 and the Child Support Guidelines. Father's motion was on the AOC form specifically intended for motions to modify child support. Since Father's motion stated a claim for modification of child support, the trial court erred by dismissing the motion for failure to state a claim under Rule 12(b)(6).

## III.   Conclusion

We reverse the order dismissing Father's motion to modify child support based upon Rule 12(b)(6) and remand for further proceedings.

REVERSED AND REMANDED.

Judges COLLINS and WOOD concur.